## United States District Court

South Carolina Charleston Division

Julie Melton Mason
  Pro se
Plaintiff



Bryan P Stirling, Terry Marshall, John McRee,
Noel Ezike RN., Jorge Alva, Officer Laredo,
Jane Doe Officers, and Jane Doe Nurses

Defendant(s)

Complaint in a Civil Action

Case:

## Complaint
### Identification of the Parties

The following defendants at South Carolina Department of Corrections are being sued in his/her individual and/or official capacity:

-Bryan P Stirling, Director of S.C.D.C.

4444 Broad River Road

Columbia, SC 29210

-John McRee, Chief Medical Director of S.C.D.C.

4444 Broad River Road

Columbia, SC 29210

-Terry Marshall, Director of Health Services of S.C.D.C.

4444 Broad River Road

Columbia, SC 29210

-Noel Ezike R.N, Health Administrator AT Camille Griffin Graham Corr.Institute

(C.G.G.C.I) of S.C.D.C.

4450 Broad River Road

Columbia, SC 29210

-Jorge Alva, L.P.N. at (CGGCI) of S.C.D.C.

4450 Broad River Road

Columbia, SC 29210

-Officer Laredo, Dorm Guard at (CGGCI) of S.C.D.C.

2

4450 Broad River Road

Columbia, Sc 29210

-Jane Doe Officers (CGGCI) of S.C.D.C.

4450 Broad River Rd

Columbia, SC 29210

-Jane Doe Nurses (CGGCI) of S.C.D.C.

4450 Broad River Rd

Columbia, SC 29210

## United States District Court

### South Carolina Charleston District

Julie Melton Mason

Plaintiff

Complaint in a Civil Action

Case:

Bryan P. Stirling, John McRee, Terre Marshall,
Noel Ezike, Jorge Alva, Officer Laredo,
Jane Doe Officers, and Jane Doe Nurses

Defendant(s)

### Jurisdiction

The Plaintiff, inmate incarcerated at the Camille Griffin Graham Correctional Institute, a facility of the South Carolina Department of Corrections (S.C.D.C) proceeding pro se, brings this action pursuant to 42 U.S.C 1983. The complaint names the S.C.D.C and employees in their individual and official capacity, thereof as Defendants, and seeks to proceed after Plaintiff followed the Prison Litigation Reform Act and all administrative remedies are exhausted. All Defendants are employed at S.C.D.C and the main address is 4444 Broad River Road Columbia South Carolina 29221.

## Claim

1. South Carolina Department of Corrections (S.C.D.C.) employees and officials showed extreme deliberate indifference to a serious life-threatening medical need, which is a direct violation of the Plaintiffs' Eighth Amendment, Fourteenth Amendment, Equal Protection Clause, a violation of the South Carolina Tort Claims Act, and gross negligence § 15-78-60 (25).

2. On or about April 17th 2019, Plaintiff complained of severe and debilitating abdominal pain, along with severe vomiting of dark emesis. Plaintiff and other inmates followed protocol, seeking emergency medical attention, followed protocol seeking emergency medical attention and was denied/delayed by S.C.D.C defendants. The symptoms increased as Plaintiffs health deteriorated over the days/nights of April 18th, 19th, 20th, and 21st of 2019. Plaintiff continued to ask for medical assistance, only to be intentionally ignored. On April 21st 2019, Plaintiff was rushed to the hospital via ambulance at 11:42 PM. Plaintiff spent 10-11 days in the hospital. While at the hospital, the Plaintiff was diagnosed with Acute Pancreatitis but due to the intentional delay and denial of medical treatment at S.C.D.C by the defendants, the Plaintiffs condition was further diagnosed as Necrotizing Pancreatitis, an irreversible injury that causes a lifetime pancreatic insufficiency an debilitating pain.

3. S.C.D.C. owes a duty to the Plaintiff to provide proper care of the prisoner confined at S.C.D.C in accordance with 24-1-130/ The defendants willfully and recklessly allowed extreme medical understaffing for the female population, and also failed to fill the staff with competent officers and competent medical professionals. S.C. Tort Act 15-78-70 (b). S.C. Code Ann. § 15-79-110 (6).

4. Plaintiff made S.C.D.C employees aware of her condition. It was the duty of the defendants to ensure that the Plaintiff received proper attention. Defendants breached that duty by delaying/denying emergency medical treatment. § 15-3-545

5. The defendants breach was a proximate cause of permanent injury. Defendants breached

5

that duty when failure to perform that obligation to the Plaintiff. Deprivation of Constitutional Rights for Emergency Medical Care.

6. What started out as acute pancreatitis, a treatable and manageable condition, worsened by the delay/denied extreme indifference of the S.C.D.C defendants, resulted in a condition that permanently destroyed the tissue of the Plaintiffs pancreas.

7. Defendant's conduct was done with reckless indifference. Either/all of the S.C.D.C Defendants failed to act within their job scope of practice and exercise due care and ignored Plaintiff's requests for help. Plaintiff suffered in severe pain for five (5) days without nutrition or medical help from an emergency physician § 15-78-70 (b).

8. By reason of Defendant or Defendants gross negligence, Plaintiff has sustained damages in the amount of one hundred and fifty thousand dollars ($150,000).

## Demand for Judgement

Therefore, Plaintiff hereby respectfully requests that this court enter it's order as follows: 1. Award judgement against S.C.D.C defendant and/or all of S.C.D.C Defendants in the amount of one hundred and fifty thousand dollars ($150,000) plus cost and interest.

2. Grant the Plaintiff a trial by jury on all issues of fact.

3. Grant the Plaintiff such other and further relief as is just and equitable.

*Julie M. Mason*
352212
Julie Melton Mason
CGGCI SRB-22
4450 Broad River Rd
Columbia SC 29210
(pro se)