UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Julie Melton Mason, ) | Civil Action No.: 5:20-cv-04309-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bryan P. Stirling; Terry Marshall; John ) | |
| McRee; Norel Ezike, RN; Jorge Alva; ) | |
| Officer Laredo; Jane Doe Officers; and ) | |
| Jane Doe Nurses; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, Julie Melton Mason, currently incarcerated at Graham Correctional Institution in Columbia, South Carolina and proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging Defendants were deliberately indifferent to her serious medical needs. Pending before the Court is Defendants' motion for summary judgment. ECF No. 91.

This matter is before the court with the Report and Recommendation of Magistrate Judge Kaymani D. West filed on June 14, 2022.[1] The Magistrate Judge recommended that Defendants' motion for summary judgment be granted and the case dismissed. Plaintiff timely filed Objections to the Magistrate Judge's Report and Recommendation. ECF No. 109. Defendants filed a reply to Plaintiff's Objections. ECF No. 111.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

---

[1] This matter was referred to Magistrate Judge West pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2).

*Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections.  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations."  *Id.*  Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).   However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).
When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the

evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

## Discussion

Plaintiff alleges Defendants Bryan P. Stirling, Terry Marshall, John McRee, Norel Ezike, RN, Jorge Alva, and Officer Laredo were deliberately indifferent to her serious medical needs in violation of the 8th Amendment under 42 U.S.C. § 1983 between the dates of April 17 and April 21, 2019. Plaintiff claims Defendants delayed the treatment of her pancreatitis, which resulted in an approximate 10 day hospital stay. She also alleges continuing health problems related to her pancreatitis attack and hospital stay. Plaintiff's amended complaint also appears assert state medical malpractice claims in addition to her constitutional claim under 42 U.S.C. § 1983.

**Defendants Stirling, Marshall, John McRee, Norel Ezike, RN**

The Magistrate Judge recommended granting summary judgment as to Defendants Stirling, Marshall, John McRee, and Norel Ezike, RN because Plaintiff failed to establish that those defendants had any personal involvement in her medical treatment. The Magistrate Judge also found that Plaintiff had failed to establish that Defendants Stirling, Marshall, McRee, and Ezike were liable as supervisors within the Department of Corrections.

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011), *cert. denied*, 565 U.S. 823 (2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). The phrase "under color of state law" is an element that "is synonymous with the more familiar state-action requirement—and the analysis for each is identical." *Philips v. Pitt Cty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982)).

Section 1983 also requires a showing of personal fault based upon a defendant's own conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights). Thus, there is no respondeat superior liability under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *see also Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th

4

Cir. 2004); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). In this case, Plaintiff has failed to show that Defendants Stirling, Marshall, John McRee, and Norel Ezike, RN had any personal involvement in her medical care between April 17 and April 21, 2019 - the relevant dates in Plaintiff's amended complaint. *See* Plaintiff's Deposition, ECF No. 91-6 at 13. Plaintiff stated in her deposition that these defendants did not have any direct or personal involvement in her medical care during the relevant time period. *See* ECF No. 91-6 at 4-10. Plaintiff further stated in her deposition that she named Norel Ezike, RN simply because Ezike provided treatment to Plaintiff in the past, long before the events complained of in Plaintiff's amended complaint. *See* 91-6 at 15. Because Plaintiff has failed to create a genuine issue of material fact as to whether Defendants Stirling, Marshall, John McRee, and Norel Ezike, RN were personally involved in her medical care, these Defendants are entitled to summary judgment on Plaintiff's § 1983 claims of deliberate indifference.

Plaintiff has also failed to establish that Defendants Stirling, Marshall, John McRee, and Norel Ezike, RN were liable as supervisors of the facility. Liability of supervisory officials in § 1983 claims "is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (citing *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). With respect to a supervisory liability claim in a § 1983 action, a plaintiff must allege: (1) That the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to...the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the

particular constitutional injury suffered by the plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted), cert. denied, 513 U.S. 813 (1994); *see also Wilcox*, 877 F.3d at 170. Plaintiff stated in her deposition that she only named these Defendants because they were supervisors of the facility; however, she has failed to come forward with evidence to create a genuine issue of material fact that these Defendants had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to the Plaintiff. Furthermore, Plaintiff has failed to show that any of the supervisors' responses were so inadequate as to show deliberate indifference to or tacit authorization of the alleged denial of medical care.

For those reasons, Defendants Stirling, Marshall, John McRee, and Norel Ezike, RN are entitled to summery judgment on Plaintiff's § 1983 claims of deliberate indifference.

**Defendants Alva and Laredo**

Defendants Alva and Laredo are the only two defendants that had contact with Plaintiff during the relevant time period (April 17, 2019 through April 21, 2019) that Plaintiff alleges she was suffering from pancreatitis and denied medical treatment. Plaintiff alleges that these two defendants were deliberately indifferent to her serious medical needs and delayed treatment of her pancreatitis.

"A prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014); "[O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (internal quotation marks omitted).

A claim of inadequate medical care has both a subjective and objective element; "[t]he plaintiff must demonstrate that the [defendant] acted with deliberate indifference (subjective) to the inmate's serious medical needs (objective)." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An inmate alleging deliberate indifference must establish that his medical condition was objectively serious—that is, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. (internal quotation marks omitted). The inmate also must establish the subjective element, namely that the official subjectively knew of and disregarded an excessive risk to the inmate's health or safety. *Jackson*, 775 F.3d at 178.

Once prison officials are aware of a serious medical need, they only need to "respond[ ] reasonably to the risk." *Farmer v. Brennan*, 511 U.S. 825, 844, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Disagreements between an inmate and a physician over the inmate's proper medical care" are not actionable absent exceptional circumstances. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Hixson v. Moran*, 1 F.4th 297, 302-03 (4th Cir. 2021). Deliberate indifference is "more than mere negligence," but "less than acts or omissions [done] for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835, 114 S.Ct. 1970; *Hixson*, 1 F.4th at 303. To find the prison officials liable, the treatment given must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Hixson*, 1 F.4th at 302-03; *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990).

Since Plaintiff alleges a delay in her medical treatment, the following passage from the recent case *Moskos v. Hardee*, 24 F.4th 289, 297-98 (4th Cir. 2022), is particularly relevant:

> As the Supreme Court has made clear, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Rather, "to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id. Not all medical delays, of course, will meet this standard. Medical care is often not immediate. Only the most fortunate are able to receive a doctor's appointment at the precise time they want it or medical attention at the very moment of arrival at a hospital. Waiting is often the name of the game. And actual treatment may not follow immediately upon medical attention, whether due to the caution of a prudent physician or the inevitable uncertainties of diagnosis. It would be wrong to turn the everyday inconveniences and frictions associated with seeking medical care into constitutional violations whenever they occur within the prison walls.*
>
> *Mere delay is therefore not enough. Rather, "[t]he objective prong requires [Moskos] to show that the alleged delay ... put him at a 'substantial risk' of 'serious harm.' " Moss v. Harwood*, 19 F.4th 614, 624 (4th Cir. 2021) (quoting *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016)). *A commonplace medical delay such as that experienced in everyday life will only rarely suffice to constitute an Eighth Amendment violation, absent the unusual circumstances where the delay itself places the prisoner at "substantial risk of serious harm," such as where the prisoner's condition deteriorates markedly or the ailment is of an urgent nature.*

*Moskos*, 24 F.4th 297-98 (emphasis added).

Plaintiff alleges her symptoms began on April 17, 2019; however, prison guard Defendant Laredo did not come into contact with Plaintiff until April 20, 2019, according to Plaintiff's amended complaint. ECF No. 46 at 7. Defendant Laredo, who is not a medical professional, gave Plaintiff two Tylenol on April 20, 2019, when Plaintiff complained of stomach pain. ECF No. 46 at 8. Plaintiff suggests Defendant Laredo should have taken her to medical on April 20, 2019, and that Laredo gave her false excuses for not taking her to medical, such as "the nurses are at lunch; medical has an emergency; no one is in medical; it's $15.00 for an emergency sick call." *Id*. at 8.

Plaintiff's symptoms on April 20, 2019, were vomiting, stomach pain, lack of bowel movements, and an inability to hold down liquid, food, or medicine, which to a lay person could indicate flu symptoms or a stomach virus. *Id*. at 8.  Plaintiff testified in her deposition that Defendant Laredo came and checked on Plaintiff multiple times on April 20, 2019. ECF No. 91-6 at 17-18.  Plaintiff also testified in her deposition that she didn't know if it was Defendant Laredo's fault for not taking her to medical on April 20th. ECF No. 91-6 at 16 ("I don't know if it was her fault or what, I can't say").

With respect to lay person Defendant Laredo, Plaintiff has failed to show that her condition was so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Defendant Laredo had no way on knowing that Plaintiff was suffering from pancreatitis on April 20, 2019.  Plaintiff's symptoms on April 20, 2019, could have easily been mistaken by a lay person as a stomach virus.  Defendant Laredo gave Plaintiff Tylenol and checked on her multiple times.  There is insufficient evidence in the record to create a genuine issue of material fact that Defendant Laredo subjectively knew of Plaintiff's pancreatitis and disregarded an excessive risk to Plaintiff's health or safety.  Moreover, the mere delay in taking Plaintiff to medical on April 20th does not rise to the level of a constitutional violation.  The medical records on file with the Court do not reflect that the delay in taking Plaintiff to medical on April 20th resulted in a substantial risk of serious harm.  The one day delay between April 20 and April 21st is a commonplace delay experienced by many non-incarcerated people who seek treatment from medical professionals.  Simply because Plaintiff's one day delay occurred within a prison does not create an 8th amendment deliberate indifference claim. Plaintiff was taken to medical the next day, April 21st, and transported to Prisma Health Richland Hospital by ambulance that same day April 21, where her pancreatitis was successfully treated.

Accordingly, Defendant Laredo is entitled to summary judgment on Plaintiff's § 1983 claim for deliberate indifference to her serious medical needs.

Defendant Alva was the nurse on duty when Plaintiff first presented to medical on April 21, 2019 at approximately 1:00 p.m. ECF No. 91-3. The medical records indicate that on April 21st Plaintiff claimed of pain, headache, and leg cramps. *Id*. Plaintiff indicated to Nurse Alva that the same symptoms happened 6 months ago (nausea, cramps, indigestion, and heartburn). *Id*. Nurse Alva gave Plaintiff Rulox and placed her on the provider list to re-evaluate. *Id*. Medical records from January 4, 2019, indicate that Plaintiff had a normal pancreas in current views. ECF No. 91-4 at 5. Thus, it is unlikely that Nurse Alva was aware that Plaintiff suffered issues related to her pancreas. In the limited time that Nurse Alva spent with Plaintiff on April 21, 2019, Plaintiff has failed to create a genuine issue of material fact that Nurse Alva subjectively knew of Plaintiff's pancreatitis and disregarded an excessive risk to Plaintiff's health or safety. Plaintiff was transferred to the hospital that very same day of April 21, 2019. Plaintiff's allegations against Nurse Alva amount to, at most, a negligent failure to diagnose, but a breach of the standard of care[2] in the medical context does not amount to a constitutional violation under the 8th amendment. Moreover, disagreements in treatment do not amount to constitutional violations. Plaintiff's primary complaint against Nurse Alva is that he should have called in a doctor . ECF No. 91-6 at 19-20. Nurse Alva treated Plaintiff's condition, perhaps not the way Plaintiff wanted her condition to be treated, but Plaintiff has failed to create a genuine issue of material fact that Nurse Alva was deliberately indifferent to Plaintiff's medical needs.

---

[2] The Court is not suggesting that Nurse Alva breached any applicable standard of care or committed medical malpractice. The Court is simply emphasizing that Plaintiff's allegations do not rise to the level of an 8th amendment deliberate indifference claim.

In sum, viewing the evidence in the light most favorable to Plaintiff, she has failed to set forth sufficient facts to create a genuine issue of material fact as to whether the <u>named</u> Defendants knew of and disregarded Plaintiff's serious medical needs. Plaintiff has also failed to establish supervisory liability under § 1983. The only two days that Plaintiff was in contact with any named Defendants was April 20 and 21st in 2019. The alleged delay in treatment was not so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. At most, Plaintiff has asserted negligence, which is not actionable under the 8th amendment. For the reasons stated above, Defendants are entitled to summary judgment on Plaintiff's claims of deliberate indifference to her serious medical needs brought under 42 U.S.C. § 1983. To the extent Plaintiff has alleged any state law claims, the Court declines to exercise jurisdiction under 28 U.S.C. § 1367(c)(3).

## Conclusion

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed Plaintiff's objections and finds that they are without merit. The court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [ECF No. 107] of the Magistrate Judge, except that the Court respectfully declines to adopt the portion of the Report and Recommendation that recommends granting summary judgment with respect to any alleged state law claims. Instead, the Court declines to exercise jurisdiction over any alleged state law claims.

Accordingly, Defendants' [ECF No. 91] motion for summary judgment is **GRANTED in part** and the Plaintiff's claims brought under 42 U.S.C. § 1983 are hereby **DISMISSED with**

**prejudice.** Pursuant to 28 U.S.C. § 1367(c), Plaintiff's state law claims, if any, are **DISMISSED without prejudice** for lack of subject matter jurisdiction.[3]

    **IT IS SO ORDERED.**

August 9, 2022                                              s/ R. Bryan Harwell
Florence, South Carolina                   R. Bryan Harwell
                                                                    United States District Judge

---

[3] Under 28 U.S.C. § 1367(d), the period of limitations on Plaintiff's state law claims "shall be tolled while the claim is pending [in this court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 18 U.S.C. § 1367(d).